IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZENON MARTIN YRACHETA, | § | |
|                Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE WALT DISNEY COMPANY, | § | |
| ABC, INC., D/B/A WALT DISNEY | § | |
| STUDIOS MOTION PICTURES AND | § | |
| D/B/A BUENA VISTA PICTURES | § | |
| DISTRIBUTION, BUENA VISTA HOME | § | |
| ENTERTAINMENT, INC., ITSELF AND | § | |
| D/B/A WALT DISNEY STUDIOS HOME | § | |
| ENTERTRAINMENT, WALT DISNEY | § | CIVIL ACTION NO. _____ |
| PICTURES, DISNEY ENTERPRISES, INC., | § | (JURY) |
| WALT DISNEY MOTION PICTURES | § | |
| GROUP, INC., MANDEVILLE FILMS, INC., | § | |
| SMART ENTERTAINMENT, | § | |
| JEFFERY "JEFF" BUSHELL, | § | |
| ANALISA LABIANCO, | § | |
| WALT DISNEY STUDIOS MOTION | § | |
| PICTURES INTERNATIONAL, | § | |
| AND DISNEY DVD, | § | |
| | § | |
|                Defendants. | § | |

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

      This complaint for copyright infringement is brought by Plaintiff, Zenon Martin Yracheta, against the Defendants described below.

<u>PARTIES</u>

<u>Plaintiff</u>

      1.     Plaintiff, Zenon Martin Yracheta, is a resident of Houston, Harris County, Texas.

Defendants

2. The term "Long Arm Defendant" will refer in each case to a non-resident or foreign corporate Defendant which does not have a registered agent for service in Texas, and which pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure and Section 17.041 et seq. of the Texas Civil Practice and Remedies Code, can be served by serving the Texas Secretary of State with notice, pursuant to Section 17.045 of the Texas Civil Practice and Remedies Code, sent by the Secretary of State of Texas to Marsha L. Reed, 500 South Buena Vista Street, Burbank, CA 91521.

3. The Walt Disney Company is a Long Arm Defendant.

4. ABC, Inc., d/b/a Walt Disney Studios Motion Pictures and d/b/a Buena Vista Pictures Distribution, can be served by serving its registered agent in Texas, Corporation Service Company, d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

5. Buena Vista Home Entertainment, Inc., itself and d/b/a Walt Disney Studios Home Entertainment, is a foreign corporation and can be served by serving its registered agent in Texas, Corporate Service Company, d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

6. Walt Disney Pictures is a Long Arm Defendant.

7. Disney Enterprises, Inc. is a Long Arm Defendant.

8. Walt Disney Motion Pictures Group, Inc. is a Long Arm Defendant.

9. Mandeville Films, Inc. does not have a registered agent for service in Texas, and pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure and Section 17.041 et seq.

of the Texas Civil Practice and Remedies Code, can be served by serving the Texas Secretary of State with notice, pursuant to Section 17.045 of the Texas Civil Practice and Remedies Code, sent by the Secretary of State of Texas to Craig A. Jacobson, 450 N. Roxbury Drive, 8th Floor, Beverly Hills, CA 90210.

10. Smart Entertainment does not have a registered agent for service in Texas, and pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure and Section 17.041 et seq. of the Texas Civil Practice and Remedies Code, can be served by serving the Texas Secretary of State with notice, pursuant to Section 17.045 of the Texas Civil Practice and Remedies Code, sent by the Secretary of State of Texas to John Jacobs, 9595 Wilshire Blvd., Suite 900, Beverly Hills, CA 90212.

11. Jeffery (Jeff) Bushell is a non-resident of Texas, and believed to be a resident of California. Mr. Bushell's address is currently unknown, but it is believed it can be determined through further investigation or discovery in this case.

12. Analisa Labianco is a non-resident of Texas, and believed to be a resident of California. Ms. Labianco's address is currently unknown, but it is believed it can be determined through further investigation or discovery in this case.

13. Walt Disney Studios Motion Pictures International and Disney DVD appear in public information that indicates they should be Defendants in this lawsuit. As of the filing of this lawsuit, Plaintiff has been unable to determine whether they are separate companies, divisions of other companies, trademarks owned by other companies, or assumed names. Plaintiff anticipates that he will be able to determine this information upon further investigation and discovery in this case.

14.     Plaintiff believes that there are likely other Defendants who participated in the infringement that is the basis of this lawsuit, profited from the infringement that is the basis of this lawsuit, or both.  Plaintiff reserves the right to add Defendants upon investigation and discovery in this case.

## JURISDICTION AND VENUE

Jurisdiction

15.     This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 1338(a).

Venue

16.     Venue is proper in this Court under 28 U.S.C., Section 1400(a).

## FACTS

Abbreviated references used in this Complaint

17.     Plaintiff is the author and owner of the copyright of a story entitled "The Three Chihuahuas."  The copyright registration for that story is TXu001179309.  That work will be referred to in this Complaint as the "Story."  A copy of the Story is attached to this Complaint as Exhibit "A."

18.     Plaintiff is the owner through written agreement of a screenplay which is a derivative work of the story.  That screenplay has the same title "The Three Chihuahuas" as the story and bears copyright registration number PAu3-410-293.  That screenplay will be referred to throughout this Complaint as the "Script."  A copy of the Script is attached to this Complaint as Exhibit "B."

19.     In October of 2008, a movie bearing the title "Beverly Hills Chihuahua" debuted and has been distributed to movie theaters throughout the United States and internationally. That same movie has now been produced on multiple DVDs, and distributed for sale throughout

the United States and internationally.  That movie, in whatever form or mode of presentation, will be referred to throughout this Complaint as the "Movie."  A transcript of the Movie showing some story elements and dialogue is attached to this Complaint as Exhibit "C."

EVENTS GIVING RISE TO LIABILITY

Ownership

20.     In 2004, the Plaintiff wrote the Story, copyrighted it, and filed a copy of it with the Writers Guild of America West, Inc.  In 2006, Plaintiff obtained the services of a ghostwriter, Zandy Sussan, to derive the Script from the Story.  Plaintiff obtained ownership rights to the Script from her by written agreement.

Access

21.     The Movie was created and distributed by the Defendants.  Distribution, presentation, display, performance, and publication of the Movie began in October of 2008.  Prior to that, the Defendants had a reasonable opportunity to view the Story and the Script.  Plaintiff pitched the Story and Screenplay to numerous people in California, including providing copies of the Story and the Script.  It is reasonable that the Defendants were given the opportunity to view the Story and Script through one or more of the persons to whom the pitch was made, but specifically, Plaintiff sent a copy of both the Script and the Story to Ellen M. Gonzalez at Defendant, ABC, Inc.  Gonzalez referred Plaintiff to Gilbert Davila, who is an employee of one or more of the Disney Defendants.  This occurred in November of 2006.

Probative Similarity

22.     The Movie is probatively similar to the Story and Script.  The similarities are such that in the normal course of events, they would not be expected to arise independently in the

Story and Script on the one hand and in the Movie in the other.  The similarity extends from the plot itself to include similarities in characters, dialogue, scenes, and props.

Striking Similarity

23. Furthermore, the Movie is so similar to the Story and Script as to preclude the possibility of independent creation.  The similarity is so striking that the Movie must have copied from the Story and Script.

Substantial Similarity

24. The material in the Movie that is similar to the material in the Story and Script is a substantial part of the Story and Script.  In layman's terms, ordinary observers, unless they set out to detect disparities, would be disposed to overlook any such disparities and regard the Movie on the one hand and the Story and Script on the other hand to have the same aesthetic appeal.

INFRINGEMENT

Violation of Copyright Laws

25. The Defendants, each and in combination, have violated Plaintiff's exclusive rights to the Story and Script under 17 U.S.C. § 106(1), (2), (3), (4), and (5).  The Defendants are therefore infringers under 17 U.S.C. § 501(a).  This action is brought pursuant to 17 U.S.C. § 501(a) seeking damages under 17 U.S.C. § 504(b).

Involvement of Defendants

26. The Walt Disney Company is a publicly traded company, that based on public information appears to control the selection and production of Movies by other Defendants, and receives profits from such activities.  It is believed that on further discovery in this case, this

Defendant will be determined to have received profits from the Movie and been involved in its production.

27. ABC, Inc., d/b/a Walt Disney Studios Motion Pictures and d/b/a Buena Vista Pictures Distribution, according to public information, provided facilities for creating the Movie and participated in its distribution for sale and presentation to the public.

28. Buena Vista Home Entertainment, Inc., itself and d/b/a Walt Disney Studios Home Entertainment, distributed the Movie in the form of DVDs for sale to the public.

29. Walt Disney Pictures holds itself out as the primary source of the Movie both in its distribution to movie theaters and in its sale on DVDs.

30. Disney Enterprises, Inc. claims the copyright in the Movie.

31. Walt Disney Motion Pictures Group, Inc. is believed to have received profits from the distribution, performance, display, and sale of the Movie.

32. Mandeville Films, Inc. and Smart Entertainment produced the Movie and profited from the infringement.

33. Jeffery (Jeff) Bushell and Analisa Labianco are listed as the writers of the Movie, and it is believed on further discovery that they profited from the infringement.

34. Walt Disney Studios Motion Pictures International, based on public information, was the international distributor of the Movie, distributing it for theatrical display in Argentina, Brazil, Chile, Denmark, Finland, Italy, Netherlands, Norway, Slovenia, Sweeden, and United Kingdom.

35. Disney DVD appears on the jacket and container accompanying the DVD of the Movie. Discovery will determine whether or not this is a trade name or an actual separate entity or an assumed name.

## DAMAGES

36. Pursuant to 17 U.S.C. § 504(b), Plaintiff seeks his actual damages including profits of the infringers. According to public documents, the infringers have grossed a minimum of approximately 93 million dollars, with other estimates as high as 135 million dollars. The Defendants continue to copy, display, perform, and publish the infringing Movie. Further discovery will be necessary in order to determine the total amount of lost profits due to the infringement.

## JURY DEMAND

37. Plaintiff requests trial by jury on all issues triable to a jury.

## CONCLUSION AND RELIEF SOUGHT

38. For the reasons set forth herein, Plaintiff requests judgment for his actual damages and infringers' profits arising from the infringement by the Defendants of Plaintiff's copyrights in the Story and Script. Plaintiff requests such further relief to which he may be justly entitled.

Respectfully submitted,

/s/ Kurt Arbuckle
Kurt Arbuckle
Federal ID No. 6613
Texas Bar No. 01284500
Kurt Arbuckle, P.C.
2700 Post Oak Blvd., Suite 950
Houston, Texas 77056
(713) 961-5353
(713) 961-5236 Fax
Attorney-In-Charge for Plaintiff